UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Kristine Small,

        Petitioner,

-vs-                                              Case No. 5:06-cv-125-Oc-10GRJ

Jeffrey L. Clark,

        Respondent.
_____/

## **O R D E R**

On April 7, 2006, the Petitioner filed a petition to secure the immediate return of her son, Adamas Clark, to Belize. The Petitioner claims that Adamas was wrongfully removed from his habitual residence of Belize and brought to the United States of America by his father, the Respondent. The Petitioner brought this action pursuant to the Hague Convention of the Civil Aspects of International Child Abduction (hereinafter "Convention"), done at the Hague on October 25, 1980, and implemented by Congress through the International Abduction Remedies Act (hereinafter "ICARA"), 42 U.S.C. § 11603 *et seq*.

On April 19, 2006, during a show cause hearing on this matter, the Court ordered the Respondent to answer the petition and file any appropriate motions by April 28, 2006. The Court also directed the parties to submit a case management report by May 9, 2006.

This case is presently before the Court for consideration of the Respondent's Motion for Abstention (Doc. 26), to which the Petitioner has responded (Doc. 28). The motion is ripe for review and the Court concludes that it is due to be denied.

The Respondent contends that since he filed a "Petition to Establish Paternity, Primary Residential Responsibility, Child Support, Visitation and Other Relief" in the Circuit Court for Lake County, Florida on July 5, 2005, this Court should abstain from considering this petition because the "subject matter for the instant action and the State Court action are identical and the Federal claim will interfere with the otherwise normal process of the state claim." The Respondent claims that "the Petitioner has forum shopped and hopes to avoid the current state of the pleadings in State court." In addition, the Respondent argues that the instant action should have been filed in state court in the interest of judicial economy and that the state court provides an adequate opportunity for the Petitioner to raise any federal claims.

This Court has properly exercised jurisdiction over this matter. Pursuant to 42 U.S.C. § 11603(a), state and federal courts have concurrent original jurisdiction of actions arising under the Convention. 42 U.S.C. § 11603(b) further provides that "[a]ny person seeking to initiate judicial proceedings under the Convention for the return of a child . . . may do so by commencing a civil action by filing a petition for the relief sought in *any court* which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed."[1] Accordingly, ICARA clearly authorizes the Petitioner to bring the instant action in this Court.

---

[1] (emphasis added).

Further, the Court concludes that abstention from the exercise of federal jurisdiction over these ICARA proceedings solely because there is an ongoing state court proceeding concerning the same parties, but not the parties' rights under the Convention, is not appropriate.[2]

In Lops v. Lops, where the Eleventh Circuit held that a federal district court did not abuse its discretion if refusing to abstain due to a parallel South Carolina ICARA action, the Circuit reasoned that:

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. When a parallel state court action exists, the Supreme Court has emphasized that the doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. The pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. Instead, the Supreme Court has emphasized the *virtually*

---

[2]   See Lops v. Lops, 140 F.3d 927, 942 (11th Cir. 1998) (holding that the district court did not abuse its discretion in refusing to abstain due to parallel South Carolina ICARA action); Gaudin v. Remis, 415 F.3d 1028, 1034 (9th Cir. 2005) (holding that abstention is inappropriate in the case of a petition filed under ICARA); Holder v. Holder, 305 F.3d 854, 867-868 (9th Cir. 2002) (holding that district court abused its discretion in staying father's action brought under the Hague Convention, pending conclusion of state court custody proceedings, when there was substantial doubt that a final determination in the custody proceeding would resolve all of the of the issues raised in his Convention petition since the father did not bring his Convention claim in his state court proceeding); Silverman v. Silverman, 267 F.3d 788, 792 (8th Cir. 2001) (holding that district court could not dismiss, on grounds of Younger abstention, father's petition under the Convention notwithstanding ongoing proceedings in state court because the Convention mandates that a court which receives a valid petition must determine whether the child has, in fact, been wrongfully removed); Yang v. Tsui, 416 F.3d 199, 203-204 (3d Cir. 2005) (holding that Younger abstention doctrine did not apply to deprive mother of federal jurisdiction for her Hague Convention petition, despite the pending state court custody proceeding, where Hague Convention issues were not raised in state custody proceeding).

*unflagging obligation* of the federal courts to exercise the jurisdiction given them.[3]

In Lops, the Eleventh Circuit also stated that "[w]hen a parallel state court action pends, the Supreme Court has outlined six factors for federal courts to consider in determining whether to abstain and dismiss a federal action: (1) whether one of the courts has assumed jurisdiction over any property in issue; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties' rights.[4]  The Circuit concluded in Lops that all the relevant factors supported the federal district court's decision to hear the ICARA petition and not abstain.[5]

These relevant factors dictate that this Court hear the ICARA petition and not abstain.  First, neither the state nor the federal court has jurisdiction over any property in issue, rendering the first factor inapplicable.  Second, the federal forum in the Middle District of Florida is convenient because both the Respondent and Adamas currently reside within the district and this division.  Third, there is no threat of piecemeal litigation since this Court can resolve any issues relating to the wrongful removal of Adamas from his habitual

---

[3] Lops, 140 F.3d at 942 (internal quotations and citations omitted).

[4] Id. at 942-943.

[5] Id.

residence, and since these issues have not been raised in the state court proceedings.[6] The fourth factor, order in which jurisdiction was obtained, is not measured exclusively by which action was filed first, but rather by how much progress has been made in the two actions.[7] So despite the fact that the state court proceedings were filed first, it does not appear that the state court has made any progress in considering the parties rights under the Convention. Lastly, although both state and federal courts could adequately protect the parties' rights, ICARA is a federal statute enacted to implement a treaty entered into by the federal government. Federal law provides the rule of decision in this case, which cuts against abstention by this Court.

Accordingly, upon due consideration and for the foregoing reasons, the Respondent's Motion for Abstention is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 9th day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

[6] It does not appear from the record that the parties' rights under the Convention have been raised in the ongoing state court proceedings, as the Respondent is only seeking a determination of paternity, custody, child support, and visitation in state court. See Doc. 26, Motion for Abstention, Exh. A, State Court Petition.

[7] Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21 (1983).